UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY THOMPSON, :
: CIVIL ACTION NO. 3:11-CV-340
Plaintiff :
: (Judge Nealon)
v. : (Magistrate Judge Blewitt)
:
SHIRLEY MOORE SMEAL, et al., :
:
Defendants :

FILED
SCRANTON
MAR 0 1 2012
Per_____
DEPUTY CLERK

## MEMORANDUM

On February 22, 2011, Plaintiff, Jeffrey Thompson, an inmate currently confined at the State Correctional Institution in Camp Hill, Pennsylvania, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 for violations of his First Amendment and Fourteenth Amendment rights "relative to the exercise of religious freedom and in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA)." (Doc. 1, p. 3, ¶ 8). Plaintiff requests declaratory relief that he is entitled to "two (2) Christian feasts; Christmas and Easter." (Doc. 1, p. 4, ¶¶ 15-16). Plaintiff also makes an equal protection claim alleging that "other similarly situated inmates are allowed their tradition based religious feasts." (Doc. 1, p. 5, ¶ 15). Defendants, employees of the Pennsylvania Department of Corrections, filed an answer on March 21, 2011. (Doc. 9). On September 7, 2011, Plaintiff filed a motion for summary judgment and, after an extension of time was granted, Defendants filed a cross motion for summary judgment, statement of material facts, and exhibits on September 26, 2011. (Docs. 38-40). On September 27, 2011, Defendants filed a brief in support of their motion and a brief in opposition of Plaintiff's motion. (Docs. 41-42). After an extension of time was granted, Plaintiff filed two (2) reply briefs and a brief in

opposition on October 25, 2011 and October 27, 2011. (Docs. 48-50). On February 3, 2012, Magistrate Judge Thomas M. Blewitt filed a Report and Recommendation ("R&R") recommending that Defendants' cross motion for summary judgment be granted and that Plaintiff's motion for summary judgment be denied. (Doc. 55). No objections have been filed to the R&R. For the reasons stated below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

**Discussion**

In the R&R, Magistrate Judge Blewitt thoroughly discusses the standard of review for a motion for summary judgment and sets forth the allegations of Plaintiff's complaint. (Doc. 55, pp. 4-6). The Magistrate Judge adopts Defendants' statement of material facts as they were

supported by the evidence of record, not contested by Plaintiff, and uncontradicted by Plaintiff's attachments. (Doc. 55, pp. 7-10). After analyzing the applicable law, Magistrate Judge Blewitt determines that "[t]he undisputed evidence shows that the failure to provide Plaintiff with the requested feasts did not violate his religious freedom" as a feast is neither required nor an obligation of Christianity on Christmas and Easter. (Doc. 55, p. 15). As to Plaintiff's equal protection claim, the Magistrate Judge finds that "Plaintiff failed to submit any evidence to show that he was treated in a manner by Defendants that had no rational basis" and that a § 1983 equal protection claim requires a plaintiff to prove that the defendants intended to discriminate against him. (Doc. 88, pp. 16-19), citing Pa. v. Flaherty, 983 F. 2d 1267 (3d Cir. 1993). Lastly, Magistrate Judge Blewitt concludes that Plaintiff cannot establish a cause of action under the RLUIPA and show that Defendants "engaged in any conduct which substantially burdened the practice of his religion." (Doc. 88, p. 20). Accordingly, Magistrate Judge Blewitt recommends that Defendants' cross motion for summary judgment be granted, that Plaintiff's motion be denied, and that Plaintiff's claims be dismissed.

After an independent examination, it is determined that Magistrate Judge Blewitt's recommendations are legally sound and his factual determinations are based on the evidence of record and, therefore, the R&R will be adopted. There is nothing of record to indicate that feasting is a required or obligatory activity, nor part of the religious significance of the Christian holy days of Christmas and Easter. See Holy Name Soc'y v. Horn, 2001 U.S. Dist. LEXIS 12756, *29-30 (E.D. Pa. 2001) (finding that prison regulation permitting religious groups to have special meals only when mandated by the religion is a rational way of balancing ordinary overall security and other legitimate penological goals with the religious needs of the inmates, and upon

the testimony of two Catholic priests finding that fellowship meals on Catholic/Christian holy days are not mandatory); see also Perez v. Frank, 2007 U.S. Dist. LEXIS 27441, *2-3 (W.D. Wis. 2007) (finding Muslim prisoner is required to eat Halaal foods on the feasts of 'Eid ul Fitr and 'Eid ul Adha). Further, there is nothing to indicate that the Defendant Pennsylvania Department of Correction employees violated Plaintiff's religious liberties. Finding no clear error in the Magistrate Judge's R&R, it will be adopted.

**Conclusion**

After review, this Court will adopt the R&R. Defendants' cross motion for summary judgment will be granted and Plaintiff's claims will be dismissed.

A separate Order will be issued.

Date: March 1, 2012

United States District Judge