UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY THOMPSON, | : |
| | : CIVIL ACTION NO. 3:11-CV-340 |
| Plaintiff | : |
| | : (Judge Nealon) |
| v. | : (Magistrate Judge Blewitt) |
| | : |
| SHIRLEY MOORE SMEAL, et al., | : |
| | : |
| Defendants | : |

FILED
SCRANTON

APR 19 2012

PER _____ /s/ _____
DEPUTY CLERK

**MEMORANDUM**

On February 22, 2011, Plaintiff, Jeffrey Thompson, an inmate currently confined at the State Correctional Institution in Camp Hill, Pennsylvania, ("SCI-Camp Hill") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 for violations of his First Amendment and Fourteenth Amendment rights "relative to the exercise of religious freedom and in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA)." (Doc. 1, p. 3, ¶ 8). Plaintiff requests declaratory relief that he is entitled to "two (2) Christian feasts annually; Christmas and Easter." (Doc. 1, p. 5, ¶ 16). Defendants, employees of the Pennsylvania Department of Corrections, filed an answer on March 21, 2011. (Doc. 9). On September 7, 2011, Plaintiff filed a motion for summary judgment and, after an extension of time was granted, Defendants filed a cross motion for summary judgment, statement of material facts, and exhibits on September 26, 2011. (Docs. 38-40). On September 27, 2011, Defendants filed a brief in support of their motion and a brief in opposition of Plaintiff's motion. (Docs. 41-42). After an extension of time was granted, Plaintiff filed two (2) reply briefs and a brief in opposition on October 25, 2011 and October 27, 2011. (Docs. 48-50). On February 3, 2012, Magistrate Judge Thomas M. Blewitt filed a Report and

Recommendation ("R&R") recommending that Defendants' cross motion for summary judgment be granted and that Plaintiff's motion for summary judgment be denied. (Doc. 55). No objections having been filed, on March 1, 2012, the Undersigned filed a Memorandum and Order granting the Defendants' motion for summary judgment and closing the case. (Docs. 57-58).

On March 7, 2012, Plaintiff filed a motion to reopen claiming that he had not received the R&R, and the motion to reopen was granted on March 9, 2012. (Docs. 59-60). On March 22, 2012, Plaintiff filed objections to which Defendants filed a brief in opposition on March 26, 2012. (Docs. 61-62). Plaintiff filed a reply on April 4, 2012. (Doc. 64). Plaintiff's objections to Magistrate Judge Blewitt's R&R are now ripe for disposition. For the reasons stated below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998)

2

(Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

**Discussion**

Initially, it is noted that federal courts must show appropriate deference to the policy decision of state penal institutions. Little v. Terhune, 200 F. Supp. 2d, 445, 451 (E.D. N.J. 2002). "The federal courts' role in prison oversight is necessarily limited because the 'complex and intractable' problems of prisons 'are not readily susceptible of resolution by decree.'" Id., citing Procunier v. Martinez, 416 U.S. 396, 404-05, 40 L. Ed. 2d 224, 94 S. Ct. 1800 (1974). "The Equal Protection Clause 'is not a license for courts to judge the wisdom, fairness, or logic' of a policy choice." Id., citing Romer v. Evans, 517 U.S. 620, 631, 134 L. Ed. 2d 855, 116 S. Ct. 1620 (1996). "Where, as here, state penal institutions are 'involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities.'" Id. citing Turner v. Safley, 482 U.S. 78, 85, 96 L. Ed. 2d 64, 107 S. Ct. 2254 (1987) and Preiser v. Rodriguez, 411 U.S. 475, 491-92, 36 L. Ed. 2d 439, 93 S. Ct. 1827 (1973) ("It is difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of prisons.").

The Magistrate Judge adequately set forth the standard for a motion for summary judgment in his R&R and that standard will be adopted. (Doc. 55, pp. 4-5). Additionally, summation of Magistrate Judge Blewitt's R&R is set forth in this Court's Memorandum of March 1, 2012 and need not be repeated here. (Doc. 57). Plaintiff's objections to Magistrate Judge Blewitt's R&R will be addressed as they pertain to his three (3) claims under the RLUIPA,

3

the First Amendment, and the Fourteenth Amendment.

Plaintiff's objections are reiterations of those arguments made in his previous filings citing no new caselaw and pointing to no new evidence. See (Docs. 61 & 64). Although such arguments need not be addressed under de novo review, they will be. Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process").

In his objections, Plaintiff acknowledges his "oversight" in not filing a statement of facts but requests that his pleadings be liberally construed because he is a pro se litigant. (Doc. 61, p. 2). Magistrate Judge Blewitt considered Plaintiff's attachments and factual assertions "[r]egardless of Plaintiff's failure to properly deny Defendants' statements of facts" but accepted "Defendants' statement of facts since they are all supported by their evidence." (Doc. 55, p. 8). All of Plaintiff's pleadings, including the factual assertions found in his complaint and motion for summary judgment, have been reviewed, liberally construed, viewed in the light most favorable to Plaintiff, and considered by this Court. The factual summation set forth in the Magistrate Judge's R&R on pages five (5) through nine (9) will be adopted. (Doc. 55, pp. 5-9).

In his objections, Plaintiff argues that the named Defendants were acting under color of law in their official capacities and argues that his religious beliefs are sincere. The Magistrate Judge concluded that Plaintiff "has sufficiently stated the personal involvement of Defendants with respect to his free exercise of religion claim" and Plaintiff "has alleged he had sincerely held religious beliefs" which the Defendants do not contest. (Doc. 55, p. 16, n.8 and p. 19). Accordingly, it is determined that Defendants were acting under color of law and Plaintiff's

sincerity regarding his Christian faith is not in question.

Plaintiff's first objection is based on the Magistrate Judge's conclusion that a Christmas and Easter meal with prayer is tradition based and not a tenet of the Christian faith. (Doc. 61, p. 4-5). Plaintiff again cites the scriptural and doctrinal support[1] accompanying his motion for summary judgment. See (Doc. 33, p. 42). However, Plaintiff states that at no point has he ever argued that "feasts" are central to his religion but that they are the "tradition of many Christians." (Doc. 61, p. 4); see also (Doc. 64, p. 1) ("At no point has the Plaintiff ever submitted that the requested Christmas and Easter 'feasts' are central to his religion."). Plaintiff maintains that under the RLUIPA, his belief need not be "central" but only be a "sincerely held belief" to garner constitutional protection. Plaintiff argues: (1) "it is not up to the courts to determine what a person believes," citing Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 716 (1981); and (2) that his request for these feasts is based on "a sincerely held belief and it is religious in nature" and is therefore entitled to constitutional protection citing DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000). "Although RLUIPA bars inquiry into whether a particular belief or practice is "central" to a prisoner's religion, see 42 U.S.C. § 2000cc-5(7)(A), the Act does not preclude inquiry into the sincerity of a prisoner's professed religiosity." Cutter v. Wilkinson, 544 U.S. 709, 725 (2005), citing Gillette v. United States, 401 U.S. 437, 457, 28 L. Ed. 2d 168, 91 S. Ct. 828 (1971) ("'The 'truth' of a belief is not open to question'; rather, the question is whether the objector's beliefs are 'truly held.'") (quoting United States v. Seeger, 380 U.S. 163, 185, 13 L. Ed. 2d 733, 85 S. Ct. 850 (1965)). It is not in dispute that Plaintiff is a devout Christian with

---

[1] These materials were analyzed by the Magistrate Judge on page fifteen (15) of his R&R. (Doc. 55, p. 15).

5

sincerely held religious beliefs. See (Doc. 33, pp. 37-39 & 43). However, as Plaintiff admits, the Christmas and Easter meals derive more from family traditions and not religious doctrine. Accordingly, the meals would not be categorized as a "religious exercise" under 42 U.S.C. § 2000cc-1(a). The desire to have Christmas and Easter feasts is not an "authentic religious belief" that garners constitutional protection. See Cutter, 544 U.S. at 725 n.13 (emphasis added).

Additionally, the decision not to provide the requested meals does not place a substantial burden on Plaintiff's exercise of his Christianity. Section 1983 First Amendment claims and RLUIPA claims are analyzed under the substantial burden test to determine whether a violation of a plaintiff's religious free exercise rights has occurred. Nelson v. Miller, 570 F.3d 868, 877 (7th Cir. 2009); Shakur v. Selsky, 391 F.3d 106, 120 (2d Cir. 2004) (analyzing Free Exercise and RUILPA claims simultaneously under substantial burden test). Although the RLUIPA does not define "substantial burden," it has been interpreted with reference to Supreme Court free exercise jurisprudence. Washington v. Klem, 497 F.3d 272, 278 (2007); citing 146 Cong. Rec. S7776 (daily ed. July 27, 2000) (Joint statement of Senators Hatch and Kennedy indicating that Supreme Court free exercise jurisprudence was a proper interpretational guide for RLUIPA); see also Nelson, 570 F.3d at 877. The RLUIPA grants heightened protection to prisoners above those protected by the First Amendment. Washington, 497 F.3d at 276 (2007); see also Williams v. Sec'y Pa. Dep't of Corr., 450 Fed. Appx. 191, 196 (3d Cir. 2011). "Even if a prison's actions are allowed under the Free Exercise Clause, they may not be allowed under RLUIPA." Id. at n.8, citing Van Wyhe v. Reisch, 581 F.3d 639, 651 (8th Cir. 2009). For the purposes of RLUIPA, the United States Court of Appeals for the Third Circuit has held that a substantial burden exists where: 1) a follower is forced to choose between following the precepts of his religion and

forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; or 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs. Id. at 280.

Here, Plaintiff has not established that this policy places a substantial burden on his ability to practice Christianity. Plaintiff admits that religious services are offered to Christian inmates during the Christmas and Easter seasons. (Doc. 49, p. 5). Plaintiff also concedes that SCI-Camp Hill "does provide a Christmas meal." (Doc. 61, p. 3). While Plaintiff argues that there is no religious official present to offer a prayer and a prayer would be offensive to those present, there is nothing to prevent Plaintiff from making a silent prayer before, during or after this meal. Additionally, the seasons of Advent and Lent are also observed in the prison with sacraments on multiple holy days within those seasons. See (Doc. 40, pp. 16-17). The Defendants' policy does not force Plaintiff to violate his beliefs or abandon a precept of his religion. As Plaintiff admits, the requested meals are not a mandatory tenet or central to Christianity but are merely family traditions held by many Christians. See (Doc. 61, p. 4) and (Doc. 64, p. 1) ; see also Holy Name Soc'y v. Horn, 2001 U.S. Dist. LEXIS 12756, *29-30 (E.D. Pa. 2001) (holding fellowship meals on Catholic/Christian holy days are not mandatory). Because Plaintiff has not established that the policy in question places a substantial burden on his exercise of Christianity, his claims under the RLUIPA and the First Amendment fail.

Plaintiff also objects to the Magistrate Judge's acceptance of Defendants' "boiler-plate" use of the phrase penological interest in denying the requested meals and that this penological interest does not rise to the level of a "compelling government interest." (Doc. 61, p. 5), citing Washington, 497 F.3d at 283. Plaintiff asserts that "[t]o successfully challenge the Plaintiff on

this matter the Defense must not only use 'boiler plate' language, but must demonstrate that whatever policy is being challenged has been applied in 'neutral fashion.'" (Doc. 64, p. 2) citing Snell v. City of York, 564 F. 3d 659, 666 (3d Cir. 2009) and Church of the Lukumi Babala Aye v. City of Hialeah, 508 U.S. 520 (1993). Plaintiff specifically notes Attachment K to his motion for summary judgment to indicate that Defendants failed to raise security as an issue and Plaintiff also argues that Defendants are prevented by 42 U.S.C. § 2000cc-3(c) from raising budgetary concerns as a reason for denying his requests. (Doc. 64, p. 2). These objections and arguments are moot. Plaintiff has failed to establish that the policy substantially burdens his ability to practice his religion. Therefore, the burden need not shift to Defendants to show that the policy is in furtherance of a compelling government interest and is the least restrictive means of furthering the interests. See Washington, 497 F.3d at 283 (After the plaintiff has established a policy substantially burdens his exercise of religion, the burden shifts to the Department of Corrections "to show that the policy is in furtherance of a compelling government interest and is the least restrictive means of furthering the interest."), citing 42 U.S.C. § 2000cc-1.

Lastly, Plaintiff reiterates his argument that the Department of Corrections' policy is not applied in a neutral fashion among the inmates and that Christian inmates' equal protection rights are being violated as Jewish and Muslim inmates are permitted meals on their holidays. (Doc. 61, pp. 5-6); (Doc. 64, p. 3). Despite this reassertion, Plaintiff's Fourteenth Amendment equal protection claim still fails. Plaintiff concedes that the meals he is requesting are not a mandatory tenet of the Christian faith but are celebratory traditions of his family that are not "central to his religion" but are the "tradition of many Christians." (Doc. 64, p. 1). Whereas, those feasts provided by the Pennsylvania Department of Corrections to Jewish and Muslim inmates are not

8

based on tradition but are mandatory practices of those religions and are central to those religions. See Holy Name, 2001 U.S. Dist. LEXIS 12756, *29-30 (finding that prison regulation permitting religious groups to have special meals only when mandated by the religion is a rational way of balancing ordinary overall security and other legitimate penological goals with the religious needs of the inmates, and upon the testimony of two Catholic priests finding that fellowship meals on Catholic/Christian holy days are not mandatory); see also Perez v. Frank, 2007 U.S. Dist. LEXIS 27441, *2-3 (W.D. Wis. 2007) (finding Muslim prisoner is required to eat Halaal foods on the feasts of 'Eid ul Fitr and 'Eid ul Adha). To prevail on his equal protection claim, Plaintiff must present evidence that he has been treated differently from persons who are similarly situated. Mincy v. Deparlos, 2011 U.S. Dist. LEXIS 31168, *33 (M.D. Pa. 2011), citing City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985). Because the Christian meals are not mandatory, Plaintiff is not similarly situated to those prisoners of Jewish and Muslim faith. Accordingly, his equal protection claim fails.

**Conclusion**

This Court again finds, after de novo review, that Magistrate Judge Blewitt's recommendations are legally sound and his factual determinations are based on the evidence of record and, therefore, the R&R will be adopted. There is nothing of record to indicate that feasting is a required or obligatory activity, nor part of the religious significance of the Christian holy days of Christmas and Easter. Plaintiff has not established that the Defendants' policy places a substantial burden upon the exercise of his Christianity. Further, there is nothing to indicate that Defendants treated other similarly situated inmates differently than Plaintiff.

After de novo review, this Court will adopt the R&R. Defendants' cross motion for summary judgment will be granted and Plaintiff's claims will be dismissed.

A separate Order will be issued.

Date: April 19, 2012                                          United States District Judge