## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY THOMPSON, | : | |
| | : | CIVIL ACTION NO. 3:11-CV-340 |
| Plaintiff | : | |
| | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Mehalchick) |
| | : | |
| SHIRLEY MOORE SMEAL, et al., | : | |
| | : | |
| Defendants | : | |

### MEMORANDUM

On February 22, 2011, Plaintiff, Jeffrey Thompson, an inmate currently confined at the

State Correctional Institution in Camp Hill, Pennsylvania, filed a civil rights complaint pursuant

to 42 U.S.C. § 1983 for violations of his First Amendment and Fourteenth Amendment rights

"relative to the exercise of religious freedom and in violation of the Religious Land Use and

Institutionalized Persons Act (RLUIPA)." (Doc. 1, p. 3, ¶ 8).  Plaintiff requests declaratory relief

that he is entitled to "two (2) Christian feasts annually; Christmas and Easter." (Doc. 1, p. 5, ¶

16).  On April 19, 2012, this Court granted Defendants' cross motion for summary judgment and

closed the case. (Docs. 65-66).  On February 1, 2013, the United States Court of Appeals for the

Third Circuit granted Plaintiff's appeal and remanded this matter for further proceedings. (Doc.

78).

Following discovery, Plaintiff and Defendants both filed motions for summary judgment

on February 21, 2014. (Docs. 163 & 167).  Defendants moved for summary judgment on

Plaintiff's First Amendment and RLUIPA claims. (Doc. 164, pp. 18-24).  Plaintiff moved for

summary judgment under the RLUIPA. (Doc. 168, p. 8, n.1).  For the briefs and exhibits

FILED
SCRANTON

OCT 1 6 2014

PER _____ DEPUTY CLERK

being filed, Magistrate Judge Karoline Mehalchick[1] filed a Report and Recommendation ("R&R") on July 30, 2014 opining that there are factual disputes and Plaintiff's and Defendants' motions for summary judgment should be denied. (Doc. 184). Plaintiff objected to the R&R on September 2, 2014 and on September 15, 2014, Defendants filed a brief in opposition to the objections. (Docs. 187-88). For the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). When objections to a report and recommendation have been filed, the court must make a de novo determination of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The written objections must

---

[1]The matter was referred to Magistrate Judge Karoline Mehalchick on July 15, 2013.

"specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. The court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

## Discussion

On February 1, 2013, the United States Court of Appeals for the Third Circuit granted Plaintiff's appeal and remanded this matter for further proceedings. (Doc. 78). It was determined that this Court "erred in finding that Thompson had not demonstrated that he had sincerely held religious beliefs regarding the communal meals and prayers for Christmas and Easter" and determined that judgment was inappropriate because the record contained little evidence regarding Defendants' penological interests supporting the policy. (Doc. 78-1, pp. 7-9). After further discovery, neither party has set forth sufficient evidence to establish judgment as a matter of law.

The Magistrate Judge thoroughly outlines the procedural history of this case, which neither party objects to, and it will be adopted. (Doc. 184, pp. 1-3); see also (Docs. 187-188). Magistrate Judge Mehalchick adequately set forth the standard for a motion for summary judgment in her R&R and that standard will be adopted. (Doc. 184, pp. 6-7). The Magistrate Judge first discusses Plaintiff's First Amendment claim, analyzing the Turner[2] factors and viewing the evidence of record in the light most favorable to Plaintiff, namely the number of inmates who would participate in the communal meals and whether Thompson is able to join in

---

[2] Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987)

3

communal prayer in the dining hall, and determines that Defendants are not entitled to summary judgment because "the Court cannot conclude that the DOC's policy is legitimately and neutrally applied, and that the DOC's penological interests are served by allowing some religious meals and not others." (Doc. 184, pp. 7-14). With regard to Plaintiff's RLUIPA claim, Magistrate Judge Mehalchick discusses the same factual dispute regarding the number of Christian inmates who would participate in analyzing whether Defendants have a compelling governmental interest and whether denial of the meals is the least restrictive means of furthering that interest, and finds that neither party is entitled to summary judgment. (Doc. 184, pp. 15-19).

Plaintiff and Defendants make several arguments with regard to the R&R which are reiterations of previous arguments for summary judgment and need not be given de novo review. This Court, having reviewed those arguments, finds no clear error in the Magistrate Judge's recommendation. See (Docs. 164, 168, 187, & 188). Plaintiff makes one specific objection which, although the assertion was also specifically set forth in his prior filings, will be given de novo review.

Magistrate Judge Mehalchick concludes "there are several factual disputes surrounding the number of inmates who would be eligible to participate in Thompson's proposed Christmas and Easter communal meals." (Doc. 184, p. 4). Plaintiff objects to the R&R arguing that there is no dispute that the maximum number of inmates who would be eligible to attend the communal meals would be three-hundred seven (307), substantially similar to the number of inmates eligible to participate in Muslim religious feasts. (Doc. 187, pp. 2-8). Defendants contest this factual averment. (Doc. 188, p. 4). After a complete review of the record, the Undersigned is in agreement with the Magistrate Judge that the number of inmates who could

attend the meal is still disputed.  Further, what precisely the meals would entail, their location,

and their costs are still unclear.  The parameters of the prison policy in question have not been

adequately established by either party and, accordingly, a determination on the reasonableness of

the policy cannot be made.  Judgment at this stage is not possible and is not appropriate.

The United States Third Circuit Court of Appeals remanded this matter for further

development of the record.  While the record has been further developed by discovery, there are

still factual disputes at every aspect of the four factors set forth in Turner and the elements of a

RLUIPA claim including not only the number of inmates who could attend but also the capacity

required, costs, security concerns, and impact on other inmates from providing separate

communal meals to some Christian inmates.  This matter would be most appropriately resolved

by a bench trial.[3]  See Hampton v. Wetzel, 2014 U.S. Dist. LEXIS 43207 (M.D. Pa. 2014)

(denying motions for summary judgment on First Amendment, Fourteenth Amendment, and

RLUIPA claims and setting for trial); Holy Name Society v. Horn, 2001 U.S. Dist. LEXIS

12756 (E.D. Pa. 2001) (holding non-jury trial on First Amendment and Fourteenth Amendment

claims involving requests for meals); see also Rogers v. US, 696 F. Supp. 2d 472, 490, n.14 (W.

D. Pa. 2010) (concluding that Turner analysis is exceedingly fact intensive requiring a

contextual, record sensitive analysis), citing Wolf v. Ashcroft, 297 F.3d 305, 308 (3d Cir. 2002),

---

[3]Plaintiff's sole request for relief is equitable and pursuant to the Seventh Amendment he is not entitled to trial by jury.  See Scott v. DiGuglielmo, 615 F. Supp. 2d 368 (E.D. Pa. 2009) (denying a jury trial on a prisoner's First, Eighth, and Fourteenth Amendment claims because they are equitable), citing Cox v. Keystone Carbon Co., 861 F.2d 390, 393 (3d Cir. 1988) (When "the remedy is explicitly equitable, then there is no seventh amendment right to a jury trial."), citing Curtis v. Loether, 415 U.S. 189, 194, 39 L. Ed. 2d 260, 94 S. Ct. 1005 (1974); see also Ali v. Quarterman, 434 Fed. Appx. 322, 326 (5th Cir. 2011) (determining claims under the First and Fourteenth Amendment and the RLUIPA for only declaratory and injunctive relief do not require trial by jury).

also citing  Johnson v. Guiffere, 2007 U.S. Dist. LEXIS 98781,*6 (N.D.N.Y. 2007) ("Such an inquiry [under Turner] is particularly fact-laden, and generally ill-suited for resolution on motion for summary judgment.").


**Conclusion**

Plaintiff's objection to Magistrate Judge Mehalchick's Report and Recommendation will be overruled and the Report and Recommendation will be adopted.  The summary judgment motions of both parties will be denied.

A separate Order will be issued.


Date: October 16, 2014                    **United States District Judge**

6